UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14031-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAROL CLETZER MCDEAVITT,

    Defendant.
_____/



FILED by ___ D.C.

AUG - 3 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBER TWO OF SUPERSEDING
PETITION ALLEGING VIOLATIONS OF PROBATION
AND
REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY
HEARING REGARDING VIOLATION NUMBER ONE OF
SUPERSEDING PETITION ALLEGATION VIOLATIONS OF PROBATION

**THIS CAUSE** having come on to be heard for a final evidentiary hearing in respect to the two violations set forth in the Superseding Petition Alleging Violations Of Probation dated July 6, 2012, and this Court having convened a hearing on that date at which time counsel for the government, counsel for the Defendant and the Defendant were present, this Court recommends to the District Court as follows:

1.     The Superseding Petition Alleging Violations Of Probation in this matter charges the Defendant with the following two violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to satisfy the Court ordered restitution. On August 3, 2010, restitution in the amount of $23,105.00 was ordered, at a rate of 10% of the defendant's monthly gross income. To date the offender has failed to make any payments. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 15, 2012, the offender submitted a urine specimen that tested positive for the presence of |

> marijuana in our local laboratory. The sample was confirmed positive for marijuana by Alere Toxicology Services on June 21, 2012. On June 22, 2012, the supervised releasee signed an admission of drug use form, admitting to using marijuana a few days prior to the date the specimen was collected.

## DEFENDANT'S ADMISSION TO VIOLATION NUMBER TWO

2. At the outset of the hearing, this Court was advised by the Defendant that she wished to admit Violation Number Two set forth in the Superseding Petition and would then proceed to a final evidentiary hearing in respect to Violation Number One only. This Court then conducted a plea colloquy concerning the Defendant's admission/guilty plea to Violation Number Two.

3. This Court questioned the Defendant and made certain that she understood her rights in regards to an evidentiary hearing in respect to Violation Number Two. Further, the Defendant acknowledged that she understood her rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition.

4. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that she understood those penalties. The Defendant thereafter admitted the allegations set forth in Violation Number Two of the Superseding Petition.

## FINAL EVIDENTIARY HEARING REGARDING VIOLATION NUMBER ONE OF SUPERSEDING PETITION

5. At the conclusion of the Defendant's Change of Plea in regards to Violation Number Two, this Court went forward with the final evidentiary hearing as to Violation Number One. In that respect, the government called Omar Borges, the Defendant's United States Probation Officer.

6. Mr. Borges testified that he has been supervising the Defendant since her period of probation began on August 3, 2010. The Defendant's sentence in this case was five years probation and payment of restitution in the amount of $23,105.00 to be paid at the rate of ten percent (10%) of the Defendant's monthly gross income. Standard conditions of probation and special assessment were part of the Defendant's sentence, but they are not pertinent to consideration of this matter.

7. Mr. Borges testified that during the first ten months of the Defendant's probation, she had no income whatsoever. In mid-September of 2011, the Defendant began receiving social security disability income pursuant to an application she had filed. Her first payment from social security included some back payments to July 2011 and amounted to $1,350.00.

8. Mr. Borges testified that on or about September 22, 2011, he and the Defendant met and discussed a financial agreement setting forth the Defendant's responsibility in making payments on her restitution as ordered pursuant to her sentence. The Defendant signed that financial agreement which confirmed that 10% of her gross income would be paid beginning in October of 2011. Ten percent (10%) of her first social

security check would amount to approximately $135.00. However, the Defendant never made that payment.

9. Thereafter, the Defendant's social security monthly payment was adjusted to $445.00 per month which would call for a $45.00 per month payment pursuant to the agreement she made with Mr. Borges. No payments were ever received on that either.

10. After the Defendant "went out on her own" and no longer received the residential assistance provided by the U. S. Probation Office, the Defendant's monthly social security award increased to $847.00 approximately. This began in or about November 2011. No payment was made on this adjusted amount either.

11. When the Defendant began her own residency, she lived with a family member for a short period of time, then a friend for a short period of time, and now resides with another friend for the past six months. Mr. Borges testified that he does not have any knowledge as to how much rent the Defendant pays per month nor what any of her other expenses are. The Defendant has not provided any of that information to Mr. Borges. Mr. Borges also testified that he told the Defendant to "at least pay something" toward her restitution, but she has failed to make any payments whatsoever.

12. On cross-examination, counsel for the Defendant asked Mr. Borges if he knew that the Defendant's monthly rent is presently $600.00 per month and that she has other living expenses, such as buying food. Mr. Borges stated that he has not been presented with any financial affidavit or financial information from the Defendant to dispute what counsel for the Defendant posed in cross-examination. Further, counsel for the Defendant asked Mr. Borges if he had any information to suggest that after payment of all living expenses, that the Defendant may have $100.00 per month left over. Mr. Borges

4

testified again that he did not have any financial information to dispute what amounts the Defendant suggests.

13. Mr. Borges did point out that the Defendant does smoke cigarettes and that is an expense that she may be able to curtail and use that money towards her restitution payments as ordered by the District Court.

14. The Defendant called no witnesses and presented no evidence. Counsel for the Defendant did argue that this Court must find that the Defendant either willfully refused to make her restitution payments or willfully ignored her court ordered restitution. Counsel for the Defendant argued that the Defendant does not have the financial ability to make these payments and therefore cannot be found to have willfully violated the Court's Orders to do so as set forth in her sentence. However, this Court notes that the Defendant presented no evidence or testimony to substantiate any claims of expenses that the Defendant has. This Court has no idea what the Defendant's monthly rent or other living expenses are other than by way of defense counsel's questions on cross-examination directed to Mr. Borges. On the other hand, Mr. Borges has documentation that the Defendant receives at least $840.00 per month in gross income from the Social Security Administration.

15. Counsel for the government made a point to state that the amount of money which the Defendant spends on cigarettes may be considered a luxury and not a necessity of life, such that the money expended for those cigarettes could be used to pay restitution to satisfy that condition of her sentence.

16. This Court stated on the record that it does not have any evidence before it concerning the Defendant's inability to pay 10% of her gross monthly income. The only

5

evidence that this Court has is that she presently receives in excess of $840.00 per month from the Social Security Administration. As this Court pointed out, Judge Martinez' sentence calls for the Defendant to pay restitution in the amount of 10% of her gross monthly income and not her net monthly income. This Court explained that the 10% should be taken off the top of the Defendant's monthly income, and all of her other expenses will have to be adjusted within the amounts remaining after payment of her restitution from her gross monthly income.

17.     This Court also pointed out that Mr. Borges tried to work with the Defendant. Mr. Borges' testimony was that he told the Defendant to pay something towards her restitution even if she could not come up with the required 10% as ordered by the Court and as set forth in her financial agreement with the U. S. Probation Office. However, the Defendant has never paid a penny of her restitution in spite of the fact that she made the agreement and in spite of the fact that Judge Martinez has ordered that as part of her sentence. Further, the Defendant has presented no witnesses or evidence to substantiate any claim that she has a complete inability to pay any restitution let alone the 10% as set forth in her sentence.

18.     Based upon all of the foregoing, this Court finds that the Defendant has gross monthly income from which she has the current ability to pay restitution as ordered by the Court, has willfully ignored her obligation to pay restitution as set forth in the District Court's sentence in this case, and that she be found to have violated her terms of probation in that regard.

**ACCORDINGLY**, this Court recommends to the District Court that based upon the evidence presented during the final hearing, that the Defendant be found to have violated

her conditions of probation in respect to Violation Number One and that based upon her admission/guilty plea to Violation Number Two that she be found to have violated her conditions of probation in that regard as well, and that a sentencing hearing be set by the District Court at its earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of August, 2012, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Russell Killinger
AFPD Panayotta Augustin-Birch
U. S. Probation